UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-2144-MJ-GOODMAN
(CR No. 12-CR12-0248 (C.D.CA))

UNITED STATES OF AMERICA

v.

FNU LNU,
a/k/a "Damian Lopez,"

       **Defendant.**

_____/

## DETENTION ORDER

On February 13, 2015, a hearing was held pursuant to 18 U.S.C. § 3142(f) in the above-entitled case to determine whether the defendant, FNU LNU, a/k/a "Damian Lopez," should be detained prior to trial.

Having considered the evidence presented at the pre-trial detention hearing, the pre-trial services report, and the factors enumerated in 18 U.S.C. § 3142(g), this Court finds by a preponderance of the evidence that no condition or combination of conditions would reasonably assure the defendant's continued appearance in this matter. Therefore, this Court orders the detention of the defendant prior to trial and until the conclusion of the trial.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

1. On March 20, 2012, the defendant was charged by indictment in the Central District of California with two counts of making a false statement in application and use of a passport in violation of Title 18, United States Code, Section 1542. The indictment alleged that FNU LNU, a/k/a "Yani Diaz," a/k/a "Damian Lopez," a/k/a "Fardy Valez," a/k/a "Yoni Diaz," a/k/a "Jose Luiz Diaz-Torres," applied for a United State Passport in the Central District of California on or about September 27, 2007, and swore that he was "Damian Lopez," born in Manhattan, New York in February 1973, and the son of "Carmen Santana" and "Ivan Lopez" of Puerto Rico, when in fact none of those statements was true (Count 1). Count 2 of the Indictment alleged that on or about January 9, 2008, in the Central District of California, the defendant used United States Passport number 432689595 in the name "Damian Lopez" to gain entry into the United States.

2. The government proffered evidence that the defendant had submitted fraudulent paperwork to the Department of State, including false statements about his true identity, to obtain a United States Passport. The defendant was arrested on February 10, 2015, by agents of the Department of State Diplomatic Security Service, at 3290 SW 137th Avenue in Miami, Florida. At the time of his arrest, the defendant had a driver's license in the name of "Eddie Harris."

3. After the defendant was arrested, law enforcement also executed a search warrant for 6541 SW 163rd Court, a residence that they had observed the defendant at

before his arrest.  The search warrant yielded a number of documents in various people's names, including: (1) three California Driver's Licenses with the defendant's photograph under the name of "Fardy Valez" and a date of birth of "February 15, 1981;" (2) a California identification card with the defendant's photograph under the name "Fardy Valez" and a date of birth of "February 15, 1981;" (3) a California Driver's License with the defendant's photograph and the name "Damian Lopez" and a date of birth of "February 23, 1973;" (4) a California Identification Card with the defendant's photograph and the name "Damian Lopez" and a date of birth of "February 23, 1973;" (5) a United States Permanent Resident Card with the defendant's photograph under the name "Julio Lopez-Guzman" and a birthdate of "February 6, 1974;" a United States Permanent Resident Card with the defendant's photograph under the name "Johnny Lopez" and a birthdate of "January 12, 1976;" (6) a Social Security Card in the name of "Johnny Lopez;" (7) six credit cards under the name "Fardy Valez;" (8) multiple birth certificates from the State of New York for a "Damian Lopez" with a birthdate of "February 23, 1973;" (9) a supplemental passport application worksheet; and (10) a United States Passport, #432689595, under the name "Damian Lopez" with a birthdate of "February 23, 1973," and containing the defendant's photograph.   This passport number is the one that is alleged in the indictment from the Central District of California.

4. The defendant was read his *Miranda* warnings and informed that he was arrested for the outstanding indictment for passport fraud, and the defendant responded, "I was going to turn myself in." The defendant terminated his interview with Probation after giving brief biographical information, refusing to answer questions about his employment history, finances, health or family information. The defendant was convicted in 1991 of making/passing fictitious checks in California. Given the fact that the defendant has multiple identifications and credit cards in his possession, law enforcement is unable to determine the defendant's actual identity. The defendant presented no evidence of any financial holdings or ties to the community that would secure his appearance at court.

5. Therefore, based on the above findings of fact, supported by a preponderance of the evidence, the Court finds that the defendant poses a risk of flight.

The Court hereby directs that:

a. The defendant be detained without bond;

b. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

c. The defendant be afforded reasonable opportunity for private consultation with counsel; and

   d. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of appearance in connection with court proceedings.

  **DONE AND ORDERED** at Miami, Florida this 18th day of February, 2015.

             _____
             Jonathan Goodman
             UNITED STATES MAGISTRATE JUDGE

cc: Pretrial Services
   United States Marshals Service
   AFPD
   Brian Dobbins, AUSA